UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:16-cr-00002 |
| v. ) | |
| ) | Judge Trauger |
| EARON SILER ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (D.E. # 99) The defendant's motion is not properly before the Court at this time because he has failed to comply with the basic statutory requirements of § 3582(c)(1)(A). In this regard, as of the date of this filing, the defendant has failed to submit any documented request with the Warden of the institution where he is housed. As such, the defendant's motion for relief is premature, and the United States respectfully requests the Court to dismiss the motion.[1]

**I.  Background**

The defendant was arrested on a criminal complaint in February 2016 for possession with intent to distribute and the distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). (D.E. 1, 4.) The defendant was subsequently indicted on March 2, 2016. (D.E. 11.) The defendant pled guilty to the indictment on November 30, 2016, pursuant to a plea

---

[1] Undersigned counsel makes note that many district courts within this circuit, as well as several sister circuits, have reached varying conclusions in their interpretations of § 3582(c)(1)(A) in light of the COVID-19 pandemic—specifically whether its "lapse of 30 days" requirement may be waived by the court. However, in the instant case, the government submits that the defendant's motion should be dismissed because he has failed to establish that he has made any request to his institution at all. The government further submits that the Court should address the propriety of any potential waiver issue only after the defendant has satisfied the threshold statutory requirements.

1

agreement. (D.E. 45, 46.) The underlying conduct supporting the defendant's criminal conduct is set forth in the plea agreement and presentence report. On June 24, 2019, the Court sentenced the defendant, who is a Career Offender, to a custody sentence of 120 months, followed by 4 years of supervised release. (D.E. 96.) A review of the defendant's criminal history reveals four additional drug trafficking crimes and an aggravated robbery conviction. (PSR, ¶¶ 23, 24, 25, 33, and 34.) Currently, according to the Bureau of Prisons website, the defendant has a projected release date of August 16, 2024.

## II. Legal Authority

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (a) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction…. and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe

2

Case 1:16-cr-00002 Document 103 Filed 05/19/20 Page 2 of 7 PageID #: 197

what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Accordingly, the relevant policy statement of the Commission is binding on the Court. *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).[2]

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

---

[2] Prior to the passage of the First Step Act, while the Commission policy statement was binding on the Court's consideration of a motion under § 3582(c)(1)(A), such a motion could only be presented by BOP. The First Step Act added authority for an inmate himself to file a motion seeking relief, after exhausting administrative remedies, or after the passage of 30 days after presenting a request to the warden, whichever is earlier

Under the law, the inmate does not have a right to a hearing. Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon*, 560 U.S. at 827-28 (observing that, under Rule 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

For its part, consistent with note 1(D), the Federal Bureau of Prisons promulgated Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective January 17, 2019, to set forth its evaluation criteria.

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Heromin,* 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019) (citations omitted).

**III. Discussion**

In response to the COVID-19 pandemic, the Attorney General has directed that the Bureau of Prisons ("BOP") prioritize transferring inmates to home confinement in appropriate circumstances when those inmates are vulnerable to COVID-19 under the CDC risk factors—particularly those at institutions where there have been COVID-19 outbreaks. The Attorney General has issued two Memoranda on this topic, and the most current data on BOP's implementation of this directive is available at BOP's website here: https://www.bop.gov/coronavirus/.

It is counsel's understanding that the BOP is devoting all available resources to assessing the inmate population to determine which inmates would be appropriate for transfer under this priority program and to then process those inmates for transfer as quickly as possible. If an inmate cannot obtain home confinement under BOP's priority program, then he or she is likely not a suitable candidate for compassionate release either.

Turning to the specifics of the defendant's motion, the defendant is seeking his release based on his alleged high risk of harm from COVID-19 if he were to remain incarcerated due to

5

his asthma and high blood pressure. (D.E. 99.) The defendant, through his counsel, asserts that he has filed a request with the Warden at USP Atlanta, but has not yet heard a decision on his request, and seeks a waiver of the normal exhaustion requirements due to his personal health circumstances. (*Id.*) Defense counsel indicates in the motion that he has sent a request to the defendant to obtain a copy of his submission to the Warden. (*Id.*) However, to date, no confirmation of that request or of any decision has been submitted to the Court by the defendant.

Furthermore, the government's own inquiry has revealed no request being submitted by the defendant to his current institution. In this regard, counsel for the government has twice conferred with appropriate BOP officials, including today's date, to determine the status of any request for compassionate release submitted by the defendant and is advised that there is no record of the defendant submitting a request with the Warden of his institution, as required.[3]

Rather than have the Court speculate about the defendant's motion before it is properly before the Court, the United States requests the Court to dismiss the motion without prejudice, subject to refiling once the defendant establishes that he has satisfied the requirements of 18 U.S.C. § 3582(c)(1)(A). Should the BOP grant the request, then defendant's motion is moot and no further action by the Court will be necessary. And if the BOP denies his request, the United States will provide additional information regarding the specifics of defendant's circumstances that will enable the Court to make a fully informed decision regarding the merits of the defendant's request.

As outlined above, the United States is mindful of the concerns created by COVID-19, which is reflected in the actions being taken by the BOP to move appropriate inmates to home confinement. However, the defendant's motion here is simply premature. Thus, the Court should

---

[3] Should the Court find it necessary to aid in its decision, undersigned counsel will request a declaration from the BOP attorney confirming that a search of their database revealed no evidence of a request made by the defendant.

dismiss the defendant's motion without prejudice, subject to refiling once he has satisfied the statutory requirements of § 3582(c)(1)(A).

## IV. Conclusion

For the reasons stated, the United States respectfully requests the Court to dismiss the defendant's motion without prejudice.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee


*s/ Philip H. Wehby*
Philip H. Wehby
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
615-736-5151


## Certificate of Service

The undersigned certifies that on May 19, 2020, a true and exact copy of the foregoing document has been served, through the Court's electronic case filing system, upon Michael C. Holley, Attorney for Defendant.

*s/ Philip H. Wehby*
Philip H. Wehby
Assistant United States Attorney